IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA RHEIN-HAWES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE VANGUARD GROUP, INC. | : | NO.  05-665 |

**MEMORANDUM AND ORDER**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                    December    8   , 2005

      The Plaintiff has filed a Motion for Sanctions in this employment discrimination/retaliation case, asking the court to give an adverse inference instruction based on the Defendant's alleged spoliation of evidence.  The Plaintiff also seeks attorneys' fees related to a deposition and the filing of this motion.  The Defendant argues that no spoliation occurred, or, in the event the court concludes that it did, the Plaintiff has failed to establish that it was done intentionally or that she was prejudiced.  For the reasons explained in this Memorandum, we will deny the Plaintiff's motion.

**Relevant Facts**

      The current dispute revolves around a spiral notebook, kept by Michael Guglielmo, who worked in the Human Resources Department of Vanguard during the period of time relevant to Plaintiff's discrimination and retaliation claims.   One of Mr. Guglielmo's responsibilities was "re-deployment," placing Vanguard employees in other positions within the company when their positions were being eliminated.

      Plaintiff had numerous discussions with Mr. Guglielmo regarding her maternity leave and her efforts to obtain a placement within the company when her position in the Corporate Financial Services Department was targeted for elimination.  At his deposition, Mr.

Guglielmo stated that he sometimes took notes during meetings with employees (referred to as crew members by Vanguard). (Guglielmo Dep., at 9-10). The notes were kept in hard copy until they were entered into a computer system, at which time, the notes were ordinarily destroyed. Id. If they weren't destroyed, the notes were placed in files. Id.

With respect to Ms. Rhein-Hawes, Mr. Guglielmo explained that he took notes on print outs of emails and on regular sheets of paper and eventually began keeping notes in a spiral notebook. (Guglielmo Dep., at 228-229).[1] At some point after the relevant time period, Mr. Guglielmo transferred from the Human Relations Department to the Integrated Retirement Plan Solutions Division, ("IRPS"). (Guglielmo Dep., at 38). Although most of Mr. Guglielmo's notes wound up in the crew relations files before his departure from Human Relations, see Guglielmo Dep., at 147, the spiral notebook did not. After transferring to the IRPS, Mr. Guglielmo was asked by either Jill Severino, Vanguard's in-house legal counsel, or the Human Relations Department, if he had any documents relating to Ms. Rhein-Hawes. (Guglielmo Dep., at 218). At that point, Mr. Guglielmo discovered that he had retained the spiral notebook. He turned it over to either counsel or Human Relations. (Guglielmo Dep., at 221). When it was returned to him, he shredded it. Mr. Guglielmo explained that he believed that because it was returned to him, counsel or Human Relations had gotten everything that they needed. (Guglielmo Dep., at 222).

On October 12, 2005, Vanguard supplemented its document production with four pages photocopied from Mr. Guglielmo's spiral notebook. When Plaintiff requested Defendant

---

[1] Mr. Guglielmo explained that the spiral notebook contained notes regarding Ms. Rhein-Hawes and two other individuals who were involved with a morale situation completely unrelated to the current litigation or Ms. Rhein-Hawes. (Guglielmo Dep., at 227).

to produce the original spiral notebook, she was advised that the "original spiral notebook no longer exists."  (Letter of October 31, 2005, Exhibit 6 to Plaintiff's Renewed Motion for Sanctions).  With the discovery of the notebook, Plaintiff's counsel re-deposed Mr. Guglielmo on November 9, 2005. During that deposition, Mr. Guglielmo identified the four photocopied pages he had kept in the spiral notebook.  Unfortunately, it is clear from his deposition that he does not know if any additional pages in the notebook were relevant to this litigation.  (Guglielmo Dep., at 268).  This renewed motion for sanctions followed Mr. Guglielmo's deposition.[2]

**Legal Standard**

Spoliation is "the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999).  There are a variety of sanctions that the court may impose when faced with a spoliation situation.  The spoliation inference, which Plaintiff seeks in this case, allows the jury to draw an adverse inference that the destroyed evidence would have been unfavorable to the position of the offending party.  Schmid v. Milwaukee Electric Tool Corp., 13 F.3d 76, 81 (3d Cir. 1994).

A party seeking a spoliation inference must establish that the evidence in question was under the adverse party's control and that the evidence was suppressed; that is, the evidence must have been destroyed intentionally and not just lost or accidentally destroyed.  Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir. 1995).  Whether such a sanction is appropriate depends on three factors: (1) the degree of fault of the party who altered or destroyed

---

[2]Plaintiff originally filed a Motion for Sanctions when the notebook pages were turned over.  The Court denied the motion without prejudice and extended the discovery deadline to allow the Plaintiff to follow up with this new found information.

the evidence; (2) the degree of prejudice suffered by the opposing party; and, (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and where the offending party is seriously at fault, will serve to deter such conduct in the future. Schmid, at 79. This test presupposes that evidence has been destroyed or altered.

**Discussion**

The Plaintiff argues that Mr. Guglielmo's admission that he shredded the notebook establishes that Plaintiff is entitled to the spoliation inference. The Defendant, relying on an excerpt from Mr. Guglielmo's deposition argues that there were only four pages in the spiral notebook relating to the Plaintiff. Since copies of the four pages exist, the defense argues, there has been no spoliation.

We are unimpressed with the Defendant's mis-characterization of Mr. Guglielmo's deposition testimony, but are constrained to conclude that the Plaintiff has failed to establish that there has been any destruction of notes relevant to this litigation.

The Defendant, relying on the following excerpt from the deposition, argues that Mr. Guglielmo admitted that there were no additional pages relating to Ms. Rhein-Hawes in the spiral notebook:

> Q. Sitting here today, aside from the notes that were shown to you at your prior deposition and at today's deposition, are you aware of any other notes that you kept relating to Melissa Rhein-Hawes?
> A. No, I am not.

(Guglielmo Dep., at 322). The problem with the Defendant's reliance is that earlier in the deposition when asked specifically if there were more than four pages dedicated to Ms. Rhein-Hawes in the notebook, Mr. Guglielmo stated that he did not know.

4

> Q. You can't recall whether there were more than four pages that related to Melissa Rhein-Hawes at the time that you turned over the notebook?
> A. No, I simply can't.

(Guglielmo Dep., at 267-68). Thus, it is apparent when the deposition is read in its entirety that the reason Mr. Guglielmo is unaware of any other notes is that he does not remember if any other notes existed.

Unfortunately for the Plaintiff, however, this exchange also establishes that it is completely unknown whether any other pages of the spiral notebook related to Ms. Rhein-Hawes. Thus, she has failed to establish that any relevant evidence was destroyed and cannot establish that she suffered any prejudice by the destruction of the notebook.

The Plaintiff attempts to meet her burden of establishing that additional pages relating to Ms. Rhein-Hawes were destroyed by pointing out that Plaintiff began meeting with Mr. Guglielmo in June. Yet, the first entry in the spiral notebook is dated August 20, 2002. (Exhibit 3, attached to Renewed Motion for Sanctions). Mr. Guglielmo explained that he decided to document his discussions with Ms. Rhein-Hawes because he noticed during their meetings that she was taking copious notes. (Guglielmo Dep., at 228). It appears, however, that Mr. Guglielmo took notes in a variety of ways. There were notes in the Crew Relations database regarding a June 7, 2002 meeting and a conversation on August 26, 2002. A loose sheet of paper documented Mr. Guglielmo's efforts on Ms. Rhein-Hawes' behalf on June 7, 2002. Mr. Guglielmo wrote on a printout of an email on June 6. Thus, we cannot conclude that additional, relevant, pages of the notebook exist just because there are no pages dated before August 20. In fact, when asked if the August 20 entry was the first entry he made in the notebook regarding Ms. Rhein-Hawes, Mr. Guglielmo responded, "I don't know. I believe it is but I don't know."

(Guglielmo Dep., at 264). From this evidence, we cannot conclude that any additional relevant pages existed.

Finally, we note that Mr. Guglielmo's destruction of the notebook does not seem malicious and it does not appear that he intended to destroy evidence. He explained in his deposition that when the notebook was returned to him, he assumed that any relevant pages had been photocopied. Thus, he did not believe there was any harm in shredding the notebook. (Guglielmo Dep., at 222).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA RHEIN-HAWES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE VANGUARD GROUP, INC. | : | NO. 05-665 |

**O R D E R**

AND NOW, this     8     day of     December     , 2005, upon consideration of the Plaintiff's Renewed Motion for Sanctions, the response, thereto, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT:

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE